

Filed/Docketed
Oct 22, 2018

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

IN RE:

RENFROW, Miranda Kristin,

        Debtor.

Case No. 17-10385-R
Chapter 7

MIRANDA KRISTIN RENFROW,

        Plaintiff,

v.

CARRIE PETTIGREW and THOMAS MORTENSEN,

        Defendants.

Adv. No. 17-01038-R

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

    Before the Court is Defendants['] Motion to Dismiss & Brief in Support ("Motion") (Adv. Doc. 47) filed by Defendants Carrie Pettigrew and Thomas Mortensen on October 12, 2018. Both defendants seek dismissal of the Complaint for Violation of the Permanent Discharge Injunction filed by Plaintiff/Debtor Miranda Kristin Renfrow. Upon consideration of the Motion and applicable law, the Court finds and concludes that the Motion must be denied.

    Defendants base their Motion on Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7012(b). Rule 12(b)(6) provides for dismissal of a complaint if the complaint on its face "fail[s] to state a claim upon which relief

can be granted." The Court notes that the Motion contains copious extraneous material – factual allegations not contained in the Complaint and documents not mentioned or relied upon in the Complaint. Rule 12(d) of the Federal Rules of Civil Procedure provides–

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[1]

Courts "have broad discretion in determining whether or not to accept materials beyond the pleadings."[2]

The Court expressly excludes the extraneous material contained in and attached to the Motion,[3] and declines to treat the Motion as one for summary judgment. In considering the Motion under Rule 12(b)(6), the Court will look solely to the Complaint to determine whether Renfrow has stated a claim upon which relief may be granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] According to the Tenth Circuit, "a judge ruling on a motion to dismiss must accept all allegations as true and

---

[1] Fed. R. Civ. P. 12(d).

[2] Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir. 1998).

[3] The extraneous materials relate to Defendants' contention that Pettigrew did not sue Renfrow in her individual capacity, but brought her claims of defamation and intentional infliction of emotional distress solely against Renfrow's professional corporation, rendering it impossible for Defendants to violate Renfrow's discharge by refusing to dismiss the claims.

[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

may not dismiss on the ground that it appears unlikely the allegations can be proven. . . . Thus, 'plausible' cannot mean 'likely to be true.' Rather, 'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[5] The sufficiency of a complaint is a question of law.[6]

While admitting that the standard for dismissal under Rule 12(b)(6) requires the Court to presume that all factual allegations set forth in the Complaint are true and that the Court must construe such allegations in the light most favorable to Renfrow, Defendants nevertheless argue that the Court should dismiss the Complaint because the allegations in the Complaint are "simply not true." See Motion at ¶ 21 ("To be clear, what PLAINTIFF alleges in her Complaint is simply not true and the evidence will show exactly that") and ¶ 22 ("what PLAINTIFF alleges in her Complaint with respect to her damages is simply not true."). In considering the Motion, the Court is forbidden from judging the truth of Renfrow's allegations; it must assume each and every one of her allegations is true and determine whether those allegations, taken together, "plausibly" state a claim.

The Court concludes that Renfrow's Complaint states a claim that both Defendants violated her discharge injunction. She alleges facts that, if proven, would establish that both

---

[5] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting Twombly, 550 U.S. at 570.

[6] Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

Defendants knew of her bankruptcy and discharge,[7] and that notwithstanding such knowledge, they ignored the effect of the discharge,[8] refused to dismiss pending tort claims and continued to pursue the lawsuit against her,[9] all of which resulted in damages accruing to Renfrow.[10]

Defendants do not even attempt to evaluate the allegations in the Complaint against the elements of a claim for violation of the discharge injunction. Instead, they present a counter-narrative – an entirely different set of facts – and ask the Court to conclude that under Defendants' version of events, Renfrow fails to state a claim. Defendants' Motion stands Rule 12(b)(6) on its head. They urge the Court to disregard Renfrow's allegations and accept Defendants' allegations, exactly the opposite of well-established Rule 12(b)(6) jurisprudence. In other words, Defendants' legal contentions are not warranted by existing law.[11]

Moreover, the Court has already rejected the counter-narrative on its merits.[12] After a full evidentiary hearing held on April 18, 2018, on Defendants' Request to Set-Aside the

---

[7]Complaint (Adv. Doc. 1) at ¶¶ 2, 10, 11, 12, 14, 17, 18, 20, 21, 22, 24, and Exhibits A, B, H, and I.

[8]Id. at ¶¶ 20, 22, 24, 30, 35, and 37.

[9]Id. at ¶¶ 20-24.

[10]Id. at ¶¶ 40 and p.9.

[11]See Fed. R. Bankr. P. 9011(b).

[12]Order Granting in Part and Denying in Part Defendants' Objection and Request to Set-Aside the Clerk's Entry of Default (Adv. Doc. 43) at 27-38.

4

Clerk's Entry of Default, the Court found and concluded that Defendant Mortensen was not entitled to relief from his default in failing to respond to the Complaint, in part because his contention that Pettigrew never sought to hold Renfrow personally liable was deficient, factually and legally. Mortensen's default was not vacated. Indeed, the Court has already found that he "willfully violated the discharge injunction and caused Renfrow pecuniary harm."[13] As Mortensen is in no position to seek dismissal under Rule 12(b)(6), his Motion is denied.

With respect to Pettigrew, because the Complaint states a cognizable claim, her Motion is also denied. Pettigrew shall file a responsive pleading to the Complaint within fourteen (14) days of the date of this Order.

**SO ORDERED** this 22nd day of October, 2018.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

---

[13] Id. at 39.